IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARTHUR J. CAENEN,

                Petitioner,

    v.                                              CASE NO. 06-3259-SAC

UNITED STATES,

                Respondent.

O R D E R

This matter is before the court on a pro se petition, as amended, submitted on a form petition for filing under 28 U.S.C. § 2255.[1]  Petitioner is confined in the Larned State Hospital in Larned, Kansas, and seeks relief from his state conviction and sentence for first degree murder.

Because petitioner seeks relief on allegations that his confinement pursuant to his state court conviction is unlawful and violates his constitutional rights, the exclusive remedy available to petitioner lies under 28 U.S.C. § 2254.  *See* <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of his confinement must be presented through petition for writ of habeas corpus under 28 U.S.C. § 2254).

Court records disclose that petitioner filed a federal habeas petition under 28 U.S.C. § 2254 in September 2004 to challenge this

---

[1] Petitioner has also submitted numerous letters and copies of his petition and amended petition.  The court has reviewed this material and directs the clerk's office to place it in the file as correspondence.

same state court judgment.  *See* <u>Caenen v. Rohling</u>, Case no. 04-3290-SAC.  The court dismissed the petition because petitioner had not filed it within the one year limitations period allowed under 28 U.S.C. § 2244(d)(1).  Petitioner appealed, but on March 31, 2005, the Tenth Circuit Court of Appeals denied petitioner's application for a certificate of appealability and dismissed the appeal.  On October 3, 2005, the United States Supreme Court denied petitioner's application for a writ of certiorari.

In February 2006, petitioner sought permission from the Tenth Circuit Court of Appeals to file a successive § 2254 petition in the district court.  *See* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive 2254 petition in district court).  On March 13, 2006, the circuit court summarily denied petitioner's application.

Petitioner thereafter initiated the instant action under 28 U.S.C. § 2255.  However, there is no factual or legal basis for doing so as that statute provides a remedy to one in custody pursuant to a *federal* rather than a state court judgment.

Federal habeas relief on petitioner's allegations must be pursued under § 2254.  This court has no jurisdiction to entertain such an application absent authorization from the Tenth Circuit Court of Appeals.  Accordingly, the court finds this matter should be transferred to the circuit court.  *See* <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997)("When a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28

2

U.S.C.] § 1631.").

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is construed as seeking relief under 28 U.S.C. § 2254, and is transferred to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED.**

DATED:  This 11th day of October 2006 at Topeka, Kansas.


                                         s/ Sam A. Crow
                                         SAM A. CROW
                                         U.S. Senior District Judge